## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| **TAMERA JONES, ET AL** | * | **CASE NO. 5:21-cv-690** |
| **VERSUS** | * | **DISTRICT JUDGE FOOTE** |
| **CITY OF SHREVEPORT, ET AL** | * | **MAGISTRATE HORNSBY** |

### ANSWER

NOW INTO COURT, through undersigned counsel, come Defendants, the CITY OF SHREVEPORT, CHIEF BEN RAYMOND, OFFICER TREONA McCARTER, OFFICER BRIAN ROSS, OFFICER D'MAREA JOHNSON, and OFFICER JAMES LECLARE (collectively, "Defendants"), and in answer to the Complaint of Tamera Jones, Avery Jones, Tommie Dale McGlothen III, individually and on behalf of Tommie Dale McGlothen Jr., and Tamera Jones and Avery Jones on behalf of Kimberly Jones McGlothen (collectively, "Plaintiffs"), deny each and every allegation contained therein, except as may be hereinafter specifically admitted, and without waiving any motions, exceptions, or defenses, reply to the separately numbered paragraphs of the Complaint as follows:

1.      The allegations in Paragraph 1 concerning jurisdiction are admitted.

2.      The allegations in Paragraph 2 concerning venue are admitted.

3.      The allegations in Paragraph 3 concerning jurisdiction are admitted.

4.      The allegations of Paragraph 4 do not require a response from Defendants.

5.     Defendants lack sufficient information to reasonably admit or deny the allegations in Paragraph 5.

6.     Defendants respond to the allegations in Paragraph 6 as follows:

A.     It is admitted that the City of Shreveport maintains an excess insurance policy with American Alternative Insurance Corporation but it is denied that Plaintiffs' suffered injuries in an amount that would fall within the scope of said policy;

B.     It is admitted that the City of Shreveport is named as a Defendant herein but it is denied that the City is liable unto Plaintiffs;

C.     It is admitted that Chief Ben Raymond is named as a Defendant herein but it is denied that he is liable unto Plaintiffs;

D.     It is admitted that Officer Treona McCarter is named as a Defendant herein but it is denied that she is liable unto Plaintiffs;

E.     It is admitted that Officer Brian Ross is named as a Defendant herein but it is denied that he is liable unto Plaintiffs;

F.     It is admitted that Officer D'Marea Johnson is named as a Defendant herein but it is denied that he is liable unto Plaintiffs; and

G.     It is admitted that Officer James LeClare is named as a Defendant herein but it is denied that he is liable unto Plaintiffs.

7.     The allegations in Paragraph 7 that Defendants acted willfully and wantonly toward Mr. McGlothen proximately causing his death are denied.

8.     The allegations in Paragraph 8 claiming no immunity applies in this matter

are denied.

9.   The allegations in Paragraph 9 that Defendants have exhibited a pattern and practice of ignoring and violating the rights of the citizens of Louisiana, including Mr. McGlothen, or that Defendants negligently supervised and trained their employees, are denied.

10.   The allegations in Paragraph 10 that Officer McCarter  was acting within the scope and course of her employment with the Shreveport Police Department are admitted.

11.   The allegations in Paragraph 11 that Officer Ross  was acting within the scope and course of his employment with the Shreveport Police Department are admitted.

12.   The allegations in Paragraph 12 that Officer Johnson was acting within the scope and course of his employment with the Shreveport Police Department are admitted.

13.   The allegations in Paragraph 13 that Officer LeClare was acting within the scope and course of his employment with the Shreveport Police Department are admitted.

14.   The allegations of Paragraph 14 concerning Chief Raymond are denied as written.

15.   The allegations in Paragraph 15 concerning Chief Raymond are admitted to the extent such obligations existed for him only in his capacity as Chief of Police and not prior to that time.

16.     The allegations in Paragraph 16 are denied.

17.     The allegations in Paragraph 17 are denied.

18.     The allegations in Paragraph 18 are admitted.

19.     The allegations in Paragraph 19 are admitted.

20.     The allegations in Paragraph 20 are denied.

21.     The allegations in Paragraph 21 do not require a response from Defendants.

22.     The allegations in Paragraph 22 are denied.

23.     The allegations in Paragraph 23 that Mr. McGlothen was not kept safe by employees of the City of Shreveport are denied.

24.     The allegations in Paragraph 24 that Defendants breached their duties to monitor, care for, and provide medical attention to Mr. McGlothen are denied.

25.     The allegations in Paragraph 25 that Defendants were deliberately indifferent to Mr. McGlothen's constitutional rights are denied.

26.     The allegations in Paragraph 26 that on April 5, 2020, at approximately 1700, officers were notified that Tommie Dale McGlothen Jr. was in the midst of a mental health crisis and in dire need of assistance are denied.  Further answering, however, officers were notified that Mr. McGlothen was "out of control" and "outside yelling and cursing" and that a family member requested officers come out, and that officers were dispatched to the scene in reference to a disorderly person, are admitted.

27.     The allegations in Paragraph 27 that officers had notice of Mr. McGlothen's

mental and medical conditions as of their first encounter with him on April 5, 2020 are denied as written.  Further answering, however, it is admitted that the officers who responded to the first call, including Officer Johnson, obtained information that Mr. McGlothen was not taking his medication, but there was no information to indicate Mr. McGlothen was a threat to himself or others, nor was there any other information to warrant officers taking Mr. McGlothen into protective custody.  Further answering, it is denied that any other officers, including Officers McCarter, Ross, and LeClare, had knowledge of the interaction with Mr. McGlothen and his family on April 5, 2020 at approximately 1700.

28.     The allegations in Paragraph 28 that officers encountered Mr. McGlothen on a second occasion on April 5, 2020 and that Mr. McGlothen continued to exhibit obvious signs and symptoms of a mental breakdown are denied. Further answering, however, it is admitted that Officer Ross encountered Mr. McGlothen on April 5, 2020 at approximately 1830, but Officer Ross did not have any knowledge of the previous interaction between Mr. McGlothen and other SPD officers and had no knowledge that Mr. McGlothen had been prescribed medication and/or had stopped taking such medication.

29.     The allegations in Paragraph 29 that officers encountered Mr. McGlothen on a third occasion on April 5, 2020 and that Mr. McGlothen continued to be in the midst of a mental breakdown are denied.  Further answering, however, it is admitted that SPD officers were dispatched in reference to an assault and

battery and that Mr. McGlothen was the assailant.

30.     The allegations in Paragraph 30 that at the time of the third encounter Mr. McGlothen was neither armed nor posing any danger to another individual are denied.  As set forth above, at the time of the third encounter, Mr. McGlothen had assaulted an innocent third party and had committed a home invasion.  Further answering, Mr. McGlothen was in possession of a pen that he attempted to use as a weapon and he presented a danger to others.

31.     The allegations in Paragraph 31 that officers knew Mr. McGlothen was a psychiatric patient in the midst of a mental health crisis and made a knowing, intelligent, and voluntary decision to engage Mr. McGlothen in a violent and physical altercation are denied.  More specifically, it  is denied that Officers McCarter, Ross and LeClare had any knowledge concerning Mr. McGlothen's first interaction with SPD officers, and it is denied that Officer Johnson knew Mr. McGlothen was the same person he encountered earlier in the day when he arrived at the scene.  Further, Mr. McGlothen approached officers in an aggressive manner, refused to comply with commands, and actively resisted officers' efforts to detain him.

32.     The allegations in Paragraph 32 that the actions of the defendant officers are clearly seen on video are denied.  Further answering, the only video evidence of the officers' initial interaction with Mr. McGlothen is incomplete, cannot be authenticated, lacks visual clarity, and fails to capture the entirety of the events.

33.     The allegations in Paragraph 33 that officers placed Mr. McGlothen in the back of a patrol unit after being excessively battered and that he remained significantly unattended for forty-eight (48) minutes are denied.  More specifically, it is denied that Mr. McGlothen was battered.  Furthermore, the video evidence demonstrates that there was significant attention to Mr. McGlothen after being placed into the back of the patrol car, including attention by EMS personnel who examined Mr. McGlothen and determined there was no injuries requiring transportation to the hospital.  It should also be noted that, on April 5, 2020, during the height of the COVID-19 crisis and stay-at-home order, Mr. McGlothen was continuously spitting at officers and attempting to stab them with a pen, and that a spit mask had to be placed on Mr. McGlothen.

34.     The allegations in Paragraph 34 that the dash cam video shows Mr. McGlothen in respiratory distress for forty-eight (48) minutes is denied.  Further answering, during this forty-eight (48) minute period, Mr. McGlothen was examined by EMS and exhibited no apparent respiratory distress.

35.     The allegations in Paragraph 35 concerning Mr. McGlothen's medical progression are denied for lack of sufficient information to justify a belief therein.

36.     The allegations in Paragraph 36 that the defendant officers committed "depraved and sadistic actions" and exhibited deliberate indifference to the

life of Mr. McGlothen are vehemently denied.

37.     The allegations in Paragraph 37 that Mr. McGlothen spent forty-eight (48) minutes dying in the back of the patrol unit before medical assistance was requested is vehemently denied.  Further answering, the evidence will demonstrate that officers requested medical assistance from the Shreveport Police Department less than one (1) minute after Mr. McGlothen was placed in the back of the patrol unit, that officers were continuously in the back of the patrol unit, and that SFD EMS arrived and began to examine Mr. McGlothen approximately seventeen (17) minutes after he was placed in the back of the patrol unit.

38.     The allegations in Paragraph 38 that Mr. McGlothen's death was preventable are denied for lack of sufficient information to justify a reasonable belief therein.  Further answering, it is denied that any acts of the defendant officers were unlawful or that any act of the defendant officers was a proximate cause of Mr. McGlothen's death.

39.     The allegations in Paragraph 39 that, but for the refusal to seek medical attention, Mr. McGlothen would have survived are vehemently denied. Further answering, as previously set forth, medical attention was sought and provided to Mr. McGlothen.

40.     The allegations in Paragraph 40 are denied.

41.     The allegations in Paragraph 41 do not require a response from Defendants.

42.     The allegations in Paragraph 42 that the defendant officers violated Mr.

McGlothen's civil rights are denied.

43.     The allegations in Paragraph 43 concerning supervisory review of police conduct are denied.

44.     The allegations in Paragraph 44 that Mr. McGlothen was subjected to excessive force, due process violations, and/or cruel and unusual punishment are denied, and it is denied that the alleged conduct was the result of a long-standing custom, practice, and/or written policy of the City of Shreveport.

45.     The allegations in Paragraph 45 concerning the alleged misconduct of the defendant officers are denied.

46.     The allegations in Paragraph 46 concerning the alleged failure to obtain medical attention for Mr. McGlothen are denied.

47.     The allegations in Paragraph 47 concerning the alleged misconduct are denied.

48.     The allegations in Paragraph 48 are denied.

49.     The allegations in Paragraph 49 that officers attempted to resuscitate Mr. McGlothen but were unsuccessful are admitted.

50.     The allegations in Paragraph 50 concerning the policies, practices, and customs of the City of Shreveport and the Shreveport Police Department are denied.

51.     The allegations in Paragraph 51 that the injuries and death of Mr. McGlothen were caused solely by Defendants, without any cause, provocation, or negligent on the part of McGlothen, are vehemently denied.

52.    The allegations in Paragraph 52 that Mr. McGlothen's death in some manner exacerbated and/or contributed to the death of Mrs. McGlothen are denied.

### ANSWER TO FIRST CAUSE OF ACTION
**Alleged Excessive Force, Violation of Due Process, and Cruel and Unusual Punishment under 42 U.S.C. § 1983**

53.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.

54.    The allegations in Paragraph 54 are denied as written.  Further answering, however, it is admitted that McGlothen was struck with a baton by one officer as Mr. McGlothen actively and aggressively resisted arrest.

55.    The allegations in Paragraph 55 are denied as written.  Further answering, however, it is admitted that officers struck Mr. McGlothen in order to overcome Mr. McGlothen's active and aggressive resistance and Mr. McGlothen's physical combativeness with the officers.

56.    The allegations in Paragraph 56 concerning repeated use of a conducted emergency weapon (Taser) are denied as written.  Further answering, however, it is admitted that officers used a Taser in order to overcome Mr. McGlothen's active and aggressive resistance and Mr. McGlothen's physical combativeness with the officers.

57.    The allegations in Paragraph 57 are denied as written.  Further answering, however, it is admitted that one officer used pepper spray against Mr. McGlothen in order to prevent Mr. McGlothen's repeated attempts to spit on

the officers.

58.     The allegations in Paragraph 58 are denied as written.

59.     The allegations in Paragraph 59 are denied as written.  Further answering, after Mr. McGlothen was placed in handcuffs, Mr. McGlothen refused to cooperate with officers, including refusing to walk on his own.  When they reached the hood of the patrol unit, Mr. McGlothen turned and spit on Officer McCarter.  Officers then placed Mr. McGlothen in the back of the patrol car, and Mr. McGlothen was initially upside down due to his refusal to move his legs and step into or sit in the vehicle.  Once Mr. McGlothen began to cooperate, officers were able to sit him upright in the patrol unit.

60.     The allegations in Paragraph 60 that the defendant officers denied Mr. McGlothen access to immediate medical attention are denied.

61.     The allegations in Paragraph 61 that the defendant officers used excessive force are denied.

62.     The allegations in Paragraph 62 that the defendant officers inflicted cruel and unusual punishment are denied.

63.     The allegations in Paragraph 63 that the alleged acts were unconstitutional are denied.

64.     The allegations in Paragraph 64 that Mr. McGlothen's constitutional rights were violated are denied.

65.     The allegations in Paragraph 65 concerning the cause of any alleged injuries are denied.

66.     The allegations in Paragraph 66 that the defendant officers violated Mr. McGlothen's constitutional rights are denied.

67.     The allegations in Paragraph 67 that the defendant officers violated Mr. McGlothen's constitutional rights are denied.

68.     The allegations in Paragraph 68 concerning a purported restatement of Fifth Circuit jurisprudence does not require a response from Defendants.

69.     The allegations in Paragraph 69 concerning a purported restatement of Fifth Circuit jurisprudence does not require a response from Defendants.

70.     The allegations in Paragraph 70 alleging the defendant officers were aware of Mr. McGlothen's mental disability are denied except as may have been specifically admitted hereinabove.

71.     The allegations in Paragraph 71 are denied.

### ANSWER TO SECOND CAUSE OF ACTION
### Alleged *Monell* Claims under 42 U.S.C. § 1983

72.     To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.

73.     The allegations in Paragraph 73 are denied as written.  It is admitted that Offficers McCarter, Ross, Johnson, and LeClare were employed by the City of Shreveport, but it is denied that the City of Shreveport maintained any unlawful policies, practices, and/or customs.

74.     The allegations in Paragraph 74 that the City had a persistent and widespread

practice of authorizing officers to cover up the use of excessive force are denied.

75.     The allegations in Paragraph 75 that the City and its officials were aware of and deliberately indifferent to violations of citizens' constitutional rights are denied.

76.     The allegations in Paragraph 76 that the City and its officials acted with deliberate indifference are denied.

77.     The allegations in Paragraph 77 that the alleged unlawful customs, policies, and practices were the moving force behind the alleged violation of Mr. McGlothen's constitutional rights are denied.

78.     The allegations in Paragraph 78 that the City has a persistent and widespread practice and custom of allowing officers to use unreasonably and deadly force without justification are denied.

79.     The allegations in Paragraph 79 that the defendant officers engaged in a conspiracy to deprive Mr. McGlothen of his constitutional and civil rights are denied.

80.     The allegations in Paragraph 80 are denied.

81.     The allegations in Paragraph 81 that the actions of the defendant officers were done with deliberate indifference and were malicious, reckless, and cruel are denied.

82.     The allegations in Paragraph 82 that the City was deliberately indifferent and allowed the alleged constitutional deprivation are denied.

83.     The allegations in Paragraph 83 that the City has a persistent and widespread practice and custom of allowing officers to violate SPD's policies and procedures are denied.

84.     The allegations in Paragraph 84 concerning the City's alleged deliberate indifference and failure to train and discipline are denied.

85.     The allegations in Paragraph 85 that the City provided an inadequate training program and did so with deliberate indifference are denied.

86.     The allegations in Paragraph 86 concerning the City's alleged deficient training program are denied.

87.     The allegations in Paragraph 87 concerning the City's alleged deficient training program are denied.

88.     The allegations in Paragraph 88 concerning the City's alleged failure to supervise are denied.

89.     The allegations in Paragraph 89 concerning the alleged practice of ratifying and condoning the unlawful and illegal activity of SPD officers are denied.

90.     The allegations in Paragraph 90 are denied for lack of sufficient information to justify a reasonable belief therein.

91.     The allegations in Paragraph 91 that the defendant officers used excessive force and/or that such force was a consequence of alleged inadequate training and/or supervision are denied.

92.     The allegations in Paragraph 92 that the need for further training is plainly obvious are denied.

93.     The allegations in Paragraph 93 that the defendant officers left Mr. McGlothen to suffer and slowly die without medical care or proper supervision, and failed to intervene and were improperly training, supervised, and retained, are denied.  Further answering, as set forth above, the defendant officers obtained medical care for Mr. McGlothen and, when later discovered unconscious, attempted to resuscitate, and revive Mr. McGlothen.

94.     The allegations in Paragraph 94 that the defendant officers did not treat Mr. McGlothen are denied.

95.     The allegations in Paragraph 95 that the City failed to properly and adequately train, monitor, and supervise SPD officers and deprived Mr. McGlothen of his constitutional rights are denied.

96.     The allegations in Paragraph 96 are denied.

97.     The allegations in Paragraph 97 are denied.

98.     The allegations in Paragraph 98 are denied.

99.     The allegations in Paragraph 99 that the defendant officers were acting in the course and scope of their employment during the relevant times on April 5, 2020 are admitted, but it is denied that they deprived Mr. McGlothen of his constitutional rights.

100.    The allegations in Paragraph 100 are denied.

### ANSWER TO THIRD CAUSE OF ACTION
**Alleged Negligent Training, Supervision, and Retention
as to the City and Chief Raymond**

101.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

102.    The allegations in Paragraph 102 are denied as written.

103.    The allegations in Paragraph 103 are denied as written.

104.    The allegations in Paragraph 104 are denied.

105.    The allegations in Paragraph 105 are denied.

### ANSWER TO FOURTH CAUSE OF ACTION
**Alleged Failure to Intervene under 42 U.S.C. § 1983**

106.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

107.    The allegations in Paragraph 107 are denied as written.  Further answering, it is denied that any unlawful conduct occurred in connection with the officers' interaction with Mr. McGlothen.

108.    The allegations in Paragraph 108 are denied.

109.    The allegations in Paragraph 109 are denied.

110.    The allegations in Paragraph 110 are denied.

111.    The allegations in Paragraph 111 are denied.

112.    The allegations in Paragraph 112 are denied.

113.    The allegations in Paragraph 113 are denied.

114.    The allegations in Paragraph 114 are denied.

115.    The allegations in Paragraph 115 are denied.

116.    The allegations in Paragraph 116 are denied.

117.    The allegations in Paragraph 117 are denied.

118.    The allegations in Paragraph 118 are denied.

## ANSWER TO FIFTH CAUSE OF ACTION
### Alleged Negligence of Officers McCarter, Ross, Johnson, and LeClare

119.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

120.    The allegations in Paragraph 120 are denied.

121.    The allegations in Paragraph 121 that SPD policies and procedures require officers to obtain medical care for those prisoners in obvious need are admitted.

122.    The allegations in Paragraph 122 that the defendant officers failed to recognize Mr. McGlothen was in need of medical care or was otherwise in violation of SPD's policies and procedures are denied.  Further answering, as set forth above, the defendant officers did obtain medical treatment for

Mr. McGlothen.

123.     The allegations in Paragraph 123 that Mr. McGlothen was exhibiting obvious signs and symptoms of excited delirium are denied.

124.     The allegations in Paragraph 124 concerning the alleged symptoms of excited delirium are denied as written.  Further answering, the symptoms set forth can also occur as a result of substance use and/or abuse.

125.     The allegations in Paragraph 125 are denied as written.

126.     The allegations in Paragraph 126 are denied as written.

127.     The allegations in Paragraph 127 are denied.

128.     The allegations in Paragraph 128 that the defendant officers were acting in the course and scope of their employment during the relevant times on April 5, 2020 are admitted, but it is denied that they deprived Mr. McGlothen of his constitutional rights.

129.     The allegations in Paragraph 129 are denied.

130.     The allegations in Paragraph 130 are denied.

131.     The allegations in Paragraph 131 are denied.

## ANSWER TO SIXTH CAUSE OF ACTION
### Alleged Wrongful Death Pursuant to La. C.C. Art. 2315 *et seq.*

132.     To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

133.     The allegations in Paragraph 133 are denied.

134.     The allegations in Paragraph 134 are denied.

135.     The allegations in Paragraph 135 are denied.

136.     The allegations in Paragraph 136 are denied.

137.     The allegations in Paragraph 137 are denied.

138.     The allegations in Paragraph 138 that the defendant officers were acting in the course and scope of their employment during the relevant times on April 5, 2020 are admitted, but it is denied that they deprived Mr. McGlothen of his constitutional rights.

139.     The allegations in Paragraph 139 are denied.

140.     The allegations in Paragraph 140 that Chief Raymond breached any duties to Mr. McGlothen or others are denied.

141.     The allegations in Paragraph 141 are denied.

142.     The allegations in Paragraph 142 do not require a response from Defendants. To the extent a response is deemed necessary, the allegations are denied.

143.     The allegations in Paragraph 143 do not require a response from Defendants. Further answering, however, it is denied that the proper parties have been named as Plaintiff(s) herein.

## ANSWER TO SEVENTH CAUSE OF ACTION
### Alleged Violation of the Americans with Disabilities Act,
### 42 U.S.C. § 12101, and the Rehabilitation Act

144.     To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and

reassert all of their responses set forth above. Defendants further incorporate all preceding responses in the following paragraphs.

145.    The allegations in Paragraph 145 are denied.

146.    The allegations in Paragraph 146 that Defendants are in violation of the Americans with Disabilities Act are denied.

147.    The allegations in Paragraph 147 that Defendants are in violations of federal regulations implementing Title II of the ADA are denied.

148.    The allegations in Paragraph 148 are denied.

149.    The allegations in Paragraph 149 are denied as written.

150.    The allegations in Paragraph 150, which is a mere quotation, do not require a response from Defendants.

151.    The allegations in Paragraph 151 concerning Fifth Circuit jurisprudence does not require a response from Defendants.  Further answering, Plaintiffs' reference is incomplete and does not accurately reflect the ruling of the Fifth Circuit.

152.    The allegations in Paragraph 152 are denied.

153.    The allegations in Paragraph 153 which set forth incomplete citations to jurisprudence do not require a response from Defendants.

154.    The allegations in Paragraph 154 which set forth incomplete citations to jurisprudence do not require a response from Defendants.

155.    The allegations in Paragraph 155 that Defendants violated federal law and committed intentional discrimination are denied.

156.     The allegations in Paragraph 156 that Mr. McGlothen was a qualified person with a disability are denied for lack of sufficient information to justify a reasonable belief therein.

157.     The allegations in Paragraph 157 concerning Mr. McGlothen's mental illness are denied for lack of sufficient information to justify a reasonable belief therein.

158.     The allegations in Paragraph 158 are denied.

159.     The allegations in Paragraph 159 are denied.

160.     The allegations in Paragraph 160 are denied.

161.     The allegations in Paragraph 161 are denied.

162.     The allegations in Paragraph 162 are denied.

163.     The allegations in Paragraph 163 that Mr. McGlothen was entitled to a reasonable accommodation are denied.

164.     The allegations in Paragraph 164 are denied.

165.     The allegations in Paragraph 165 are denied.

166.     The allegations in Paragraph 166 are denied.

167.     The allegations in Paragraph 167 are denied.

168.     The allegations in Paragraph 168 are denied.

169.     The allegations in Paragraph 169 are denied for lack of sufficient information to justify a reasonable belief therein.

170.     The allegations in Paragraph 170 are denied.

171.     The allegations in Paragraph 171 are denied.

**ANSWER TO EIGHTH CAUSE OF ACTION**
**Alleged Supervisory Liability under 42 U.S.C. § 1983**

172.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

173.    The allegations in Paragraph 173 are denied as written.

174.    The allegations in Paragraph 174 are denied.

175.    The allegations in Paragraph 175 are denied.

176.    The allegations in Paragraph 176 are denied.

177.    The allegations in Paragraph 177 are denied.

178.    The allegations in Paragraph 178 are denied.

179.    The allegations in Paragraph 179 are denied.

180.    The allegations in Paragraph 180 are denied.

181.    The allegations in Paragraph 181 are denied.

182.    The allegations in Paragraph 182 are denied.

183.    The allegations in Paragraph 183 are denied.

184.    The allegations in Paragraph 184 are denied.

185.    The allegations in Paragraph 185 are denied.

186.    The allegations in Paragraph 186 are denied.

187.    The allegations in Paragraph 187 are denied.

188.    The allegations in Paragraph 188 are denied.

189.     The allegations in Paragraph 189 are denied.

190.     The allegations in Paragraph 190 are denied.

191.     The allegations in Paragraph 191 are denied.

192.     The allegations in Paragraph 192 are denied.

## ANSWER TO NINTH CAUSE OF ACTION
### Alleged Supervisory Liability under 42 U.S.C. § 1983

193.     To the extent Plaintiffs incorporate and reassert the allegations in the
preceding paragraphs of their Complaint, Defendants hereby incorporate and
reassert all of their responses set forth above.  Defendants further incorporate
all preceding responses in the following paragraphs.

194.     The allegations in Paragraph 194 are denied as written.

195.     The allegations in Paragraph 195 are denied.

196.     The allegations in Paragraph 196 are denied.

## ANSWER TO TENTH CAUSE OF ACTION
### Alleged Supervisory Liability under 42 U.S.C. § 1983

197.     To the extent Plaintiffs incorporate and reassert the allegations in the
preceding paragraphs of their Complaint, Defendants hereby incorporate and
reassert all of their responses set forth above.  Defendants further incorporate
all preceding responses in the following paragraphs.

198.     The allegations in Paragraph 198 are denied as written.

199.     The allegations in Paragraph 199 are denied.

200.     The allegations in Paragraph 200 are denied.

## ANSWER TO ELEVENTH CAUSE OF ACTION
### Alleged Supervisory Liability under 42 U.S.C. § 1983

201.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

202.    The allegations in Paragraph 202 are denied as written.

203.    The allegations in Paragraph 203 are denied.

204.    The allegations in Paragraph 204 are denied.

## ANSWER TO TWELVTH CAUSE OF ACTION
### Alleged Supervisory Liability under 42 U.S.C. § 1983

205.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

206.    The allegations in Paragraph 206 are denied as written.

207.    The allegations in Paragraph 207 are denied.

208.    The allegations in Paragraph 208 are denied.

## ANSWER TO THIRTEENTH CAUSE OF ACTION
### Alleged Negligent Training as to the City and Chief Raymond

209.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate

all preceding responses in the following paragraphs.

210.     The allegations in Paragraph 210 are admitted.

211.     The allegations in Paragraph 211 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

212.     The allegations in Paragraph 212 that Defendants failed to follow SPD's policies and procedures are denied.

**ANSWER TO FOURTEENTH CAUSE OF ACTION**
**Alleged Negligent Training as to the City and Chief Raymond**

213.     To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

214.     The allegations in Paragraph 214 are admitted.

215.     The allegations in Paragraph 215 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

216.     The allegations in Paragraph 216 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

217.     The allegations in Paragraph 217 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

**ANSWER TO FIFTEENTH CAUSE OF ACTION**
**Negligent Training as to the City and Chief Raymond**

218.     To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

219.     The allegations in Paragraph 219 are admitted.

220.     The allegations in Paragraph 220 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

221.     The allegations in Paragraph 221 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

222.     The allegations in Paragraph 222 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

### ANSWER TO SIXTEENTH CAUSE OF ACTION
**Negligent Training as to the City and Chief Raymond**

223.     To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

224.     The allegations in Paragraph 224 are admitted.

225.     The allegations in Paragraph 225 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

226.    The allegations in Paragraph 226 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

227.    The allegations in Paragraph 227 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

### ANSWER TO SEVENTEENTH CAUSE OF ACTION
**Negligent Training as to the City and Chief Raymond**

228.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

229.    The allegations in Paragraph 229 are admitted.

230.    The allegations in Paragraph 230 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

231.    The allegations in Paragraph 231 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

232.    The allegations in Paragraph 232 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

### ANSWER TO EIGHTEENTH CAUSE OF ACTION
**Negligent Training as to the City and Chief Raymond**

233.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate

all preceding responses in the following paragraphs.

234.    The allegations in Paragraph 234 are admitted.

235.    The allegations in Paragraph 235 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

236.    The allegations in Paragraph 236 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

237.    The allegations in Paragraph 237 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

## ANSWER TO NINETEENTH CAUSE OF ACTION
### Negligent Training as to the City and Chief Raymond

238.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

239.    The allegations in Paragraph 239 are admitted.

240.    The allegations in Paragraph 240 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

241.    The allegations in Paragraph 241 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

242.    The allegations in Paragraph 242 that Defendants failed to properly train the

defendant officers on SPD's policies and procedures are denied.

## ANSWER TO TWENTIETH CAUSE OF ACTION
### Negligent Training as to the City and Chief Raymond

243.   To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

244.   The allegations in Paragraph 244 are admitted.

245.   The allegations in Paragraph 245 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

246.   The allegations in Paragraph 246 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

247.   The allegations in Paragraph 247 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

## ANSWER TO TWENTY-FIRST CAUSE OF ACTION
### Negligent Training as to the City and Chief Raymond

248.   To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

249.   The allegations in Paragraph 249 are admitted.

250.   The allegations in Paragraph 250 that Defendants violated their training

duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

251.    The allegations in Paragraph 251 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

252.    The allegations in Paragraph 252 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

### ANSWER TO TWENTY-SECOND CAUSE OF ACTION
#### Negligent Training as to the City and Chief Raymond

253.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

254.    The allegations in Paragraph 254 are admitted.

255.    The allegations in Paragraph 255 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

256.    The allegations in Paragraph 256 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

257.    The allegations in Paragraph 257 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

### ANSWER TO TWENTY-THIRD CAUSE OF ACTION
#### Negligent Training as to the City and Chief Raymond

258.    To the extent Plaintiffs incorporate and reassert the allegations in the

preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

259.   The allegations in Paragraph 259 are admitted.

260.   The allegations in Paragraph 260 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

261.   The allegations in Paragraph 261 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

262.   The allegations in Paragraph 262 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

### ANSWER TO TWENTY-FOURTH CAUSE OF ACTION
#### Negligent Training as to the City and Chief Raymond

263.   To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

264.   The allegations in Paragraph 264 are admitted.

265.   The allegations in Paragraph 265 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

266.   The allegations in Paragraph 266 that Defendants failed to properly train the

defendant officers on SPD's policies and procedures are denied.

267.     The allegations in Paragraph 267 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

### ANSWER TO TWENTY-FIFTH CAUSE OF ACTION
### Negligent Training as to the City and Chief Raymond

268.     To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

269.     The allegations in Paragraph 269 are admitted.

270.     The allegations in Paragraph 270 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

271.     The allegations in Paragraph 271 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

272.     The allegations in Paragraph 272 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

### ANSWER TO TWENTY-SIXTH CAUSE OF ACTION
### Negligent Training as to the City and Chief Raymond

273.     To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

274.   The allegations in Paragraph 274 are admitted.

275.   The allegations in Paragraph 275 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

276.   The allegations in Paragraph 276 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

277.   The allegations in Paragraph 277 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

## ANSWER TO TWENTY-SEVENTH CAUSE OF ACTION
### Negligent Training as to the City and Chief Raymond

278.   To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

279.   The allegations in Paragraph 279 are admitted.

280.   The allegations in Paragraph 280 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

281.   The allegations in Paragraph 281 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

282.   The allegations in Paragraph 282 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

**ANSWER TO TWENTY-EIGHTH CAUSE OF ACTION**
**Negligent Training as to the City and Chief Raymond**

283.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

284.    The allegations in Paragraph 284 are admitted.

285.    The allegations in Paragraph 285 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

286.    The allegations in Paragraph 286 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

287.    The allegations in Paragraph 287 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

**ANSWER TO TWENTY-NINTH CAUSE OF ACTION**
**Negligent Training as to the City and Chief Raymond**

288.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

289.    The allegations in Paragraph 289 are admitted.

290.    The allegations in Paragraph 290 that Defendants violated their training duties and failed to comply with the written policies and procedures of the

Shreveport Police Department are denied.

291.    The allegations in Paragraph 291 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

292.    The allegations in Paragraph 292 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

### ANSWER TO THIRTIETH CAUSE OF ACTION
### Negligent Training as to the City and Chief Raymond

293.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

294.    The allegations in Paragraph 294 are admitted.

295.    The allegations in Paragraph 295 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

296.    The allegations in Paragraph 296 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

297.    The allegations in Paragraph 297 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

### ANSWER TO THIRTY-FIRST CAUSE OF ACTION
### Negligent Training as to the City and Chief Raymond

298.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and

reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

299.   The allegations in Paragraph 299 are admitted.

300.   The allegations in Paragraph 300 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

301.   The allegations in Paragraph 301 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

302.   The allegations in Paragraph 302 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

<u>**ANSWER TO THIRTY-SECOND CAUSE OF ACTION**</u>
**Negligent Training as to the City and Chief Raymond**

303.   To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

304.   The allegations in Paragraph 304 are admitted.

305.   The allegations in Paragraph 305 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

306.   The allegations in Paragraph 306 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

307.    The allegations in Paragraph 307 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

### ANSWER TO THIRTY-THIRD CAUSE OF ACTION
**Negligent Training as to the City and Chief Raymond**

308.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

309.    The allegations in Paragraph 309 are admitted.

310.    The allegations in Paragraph 310 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

311.    The allegations in Paragraph 311 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

312.    The allegations in Paragraph 312 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

### ANSWER TO THIRTY-FOURTH CAUSE OF ACTION
**Negligent Training as to the City and Chief Raymond**

313.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

314.    The allegations in Paragraph 314 are admitted.

315.   The allegations in Paragraph 315 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

316.   The allegations in Paragraph 316 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

317.   The allegations in Paragraph 317 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

**ANSWER TO THIRTY-FIFTH CAUSE OF ACTION**
**Negligent Training as to the City and Chief Raymond**

318.   To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

319.   The allegations in Paragraph 319 are admitted.

320.   The allegations in Paragraph 320 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

321.   The allegations in Paragraph 321 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

322.   The allegations in Paragraph 322 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

**ANSWER TO THIRTY-SIXTH CAUSE OF ACTION**
**Negligent Training as to the City and Chief Raymond**

323.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

324.    The allegations in Paragraph 324 are admitted.

325.    The allegations in Paragraph 325 that Defendants violated their training duties and failed to comply with the written policies and procedures of the Shreveport Police Department are denied.

326.    The allegations in Paragraph 326 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

327.    The allegations in Paragraph 327 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

**ANSWER TO THIRTY-SEVENTH CAUSE OF ACTION**
**Negligent Training as to the City and Chief Raymond**

328.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

329.    The allegations in Paragraph 329 are admitted.

330.    The allegations in Paragraph 330 that Defendants violated their training duties and failed to comply with the written policies and procedures of the

Shreveport Police Department are denied.

331.    The allegations in Paragraph 331 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

332.    The allegations in Paragraph 332 that Defendants failed to properly train the defendant officers on SPD's policies and procedures are denied.

## ANSWER TO THIRTY-EIGHTH CAUSE OF ACTION
### Direct Action Pursuant to La. R.S. § 22:1269

333.    To the extent Plaintiffs incorporate and reassert the allegations in the preceding paragraphs of their Complaint, Defendants hereby incorporate and reassert all of their responses set forth above.  Defendants further incorporate all preceding responses in the following paragraphs.

334.    The allegations in Paragraph 334 are admitted to the extent the named defendant insurer provides excess coverage to the City of Shreveport, but it is denied that any defendant is liable unto Plaintiffs for any damages.

335.    The allegations in Paragraph 335 are admitted to the extent the named defendant insurer provides excess coverage to the City of Shreveport, but it is denied that any defendant is liable unto Plaintiffs for any damages.

336.    The allegations in Paragraph 336 are admitted to the extent the named defendant insurer provides excess coverage to the City of Shreveport, but it is denied that any defendant is liable unto Plaintiffs for any damages.

337.    The allegations in Paragraph 337 do not require a response from Defendants.

## ALLEGED DAMAGES

338.     The allegations in Paragraph 338 that Mr. McGlothen's injuries and subsequent death were the direct and proximate result of the Defendants' actions are denied.

339.     The allegations in Paragraph 339 are denied.

340.     The allegations in Paragraph 340 are denied.

341.     The allegations in Paragraph 341 do not require a response from Defendants. To the extent a response is deemed necessary, it is denied that Plaintiffs are entitled to punitive damages.

342.     The allegations in Paragraph 342 do not require a response from Defendants.

343.     The allegations in Paragraph 343 do not require a response from Defendants.

## AFFIRMATIVE DEFENSES

AND NOW FURTHER ANSWERING, Defendants, the CITY OF SHREVEPORT, CHIEF BEN RAYMOND, OFFICER TREONA McCARTER, OFFICER BRIAN ROSS, OFFICER D'MAREA JOHNSON, and OFFICER JAMES LECLARE (collectively, "Defendants"), assert the following affirmative defenses:

344.     The Complaint fails to state a claim upon which relief may be granted.

345.     All actions of Officer McCarter were taken within the scope of her discretionary authority and were based upon a good faith belief in the correctness and legality of such actions, and all actions taken by her were objectively reasonable in light of clearly established law at the time of the

conduct in question.  In light of all circumstances, Officer McCarter is entitled to qualified immunity for her actions.

346.    All actions of Officer Ross were taken within the scope of his discretionary authority and were based upon a good faith belief in the correctness and legality of such actions, and all actions taken by him were objectively reasonable in light of clearly established law at the time of the conduct in question.  In light of all circumstances, Officer Ross is entitled to qualified immunity for his actions.

347.    All actions of Officer Johnson were taken within the scope of his discretionary authority and were based upon a good faith belief in the correctness and legality of such actions, and all actions taken by him were objectively reasonable in light of clearly established law at the time of the conduct in question.  In light of all circumstances, Officer Johnson is entitled to qualified immunity for his actions.

348.    All actions of Officer LeClare were taken within the scope of his discretionary authority and were based upon a good faith belief in the correctness and legality of such actions, and all actions taken by him were objectively reasonable in light of clearly established law at the time of the conduct in question.  In light of all circumstances, Officer LeClare is entitled to qualified immunity for his actions.

349.    All actions of Chief Raymond were taken within the scope of his discretionary authority and were based upon a good faith belief in the

correctness and legality of such actions, and all actions taken by him were objectively reasonable in light of clearly established law at the time of the conduct in question.  Furthermore, all actions taken by Chief Raymond were without deliberate indifference to the rights of Mr. McGlothen or any other citizen.  In light of all circumstances, Chief Raymond is entitled to qualified immunity for his actions.

350. Any injuries suffered by Mr. McGlothen, including his death, are attributable to his own criminal conduct and/or negligent acts and omissions and to natural causes beyond the control of Defendants and for which Defendants cannot be held legally responsible.

351. There are no policies, customs, procedures, or practices of the  City of Shreveport and Shreveport Police Department upon which to base any municipal liability.

352. Defendants plead all limitations of liability set forth in La. R.S. 13:5106 *et seq.*

353. Defendants further plead the immunities and limitations of liability for public bodies and officials pursuant to La. R.S. 9:2798.1.

354. Defendants also affirmatively plead that Plaintiffs will be responsible for Defendants' costs, including attorney fees, as the prevailing party pursuant to 42 U.S.C. §1988.

WHEREFORE, Defendants pray that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment in favor of Defendants rejecting the demands of Plaintiffs, dismissing this suit with prejudice at Plaintiff's cost.

DEFENDANTS FURTHER PRAY for all orders and decrees necessary in the premises and for full, general, and equitable relief.

Respectfully submitted,

**CARMOUCHE, BOKENFOHR, BUCKLE & DAY**

BY:  _/s/ Nichole M. Buckle_
    Nichole M. Buckle, Bar No. 32113
One Bellemead Center
6425 Youree Drive, Suite 380
Shreveport, Louisiana 71105
Phone: (318) 629-0014
Fax: (318) 404-1571

**ATTORNEYS FOR DEFENDANTS**