UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **TAMERA JONES, ET AL.** | **NO. 5:21-CV-00690-EEF-MLH** |
| **VERSUS** | **JUDGE FOOTE** |
| **CITY OF SHREVEPORT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Defendant American Alternative Insurance Corporation ("AAIC"), who, in response to the First Amended Complaint filed by Plaintiffs Tamera Jones, Avery Jones, Tommie Dale McGlothen III, individually and on behalf of Tommie Dale McGlothen, Jr., and Tamera Jones and Avery Jones, on behalf of Kimberly Jones McGlothen (collectively, "Plaintiffs"), denies each and every allegation contained therein, unless hereinafter specifically admitted, and responds as follows:

I.

The allegations contained in the following paragraphs of the First Amended Complaint are denied for lack of sufficient information to justify a belief therein: 1 through 3, 7 through 104, and 111 through 115.

II.

The allegations contained in Paragraph 4 of the First Amended Complaint are admitted as to the proper names and service information. The remaining allegations contained therein are denied for lack of sufficient information to justify a belief therein.

- 1 -

III.

The allegations contained in the following paragraphs of the First Amended Complaint are admitted: 5 and 6.

IV.

As to the allegations contained in paragraphs 105 through 110 of the First Amended Complaint, AAIC denies such allegations as written. In further response, AAIC avers that it issued a policy of insurance in favor of the City of Shreveport, which policy is the best evidence of its contents. In further response, AAIC avers that said insurance policy is an "indemnity policy", and is not a liability policy that entitles Plaintiffs to assert a claim against it under the Direct Action Statute. In further response, said policy contains a self-insured retained limit for "law enforcement" liability of $1,000,000 which must first be exhausted before AAIC owes any indemnity to the City of Shreveport under the policy for any claims asserted by Plaintiffs herein. In further response, AAIC owes no obligation to Plaintiffs to pay any amount to them.

## **AFFIRMATIVE DEFENSES**

AND NOW, further answering the Complaint, AAIC asserts the following affirmative defenses:

1.

AAIC adopts and incorporates herein by reference as if expressly reproduced *in extenso* each and every affirmative defense asserted by the City of Shreveport in its answer and affirmative defenses (Doc. 12, ¶¶ 344 through 354).

2.

AAIC pleads the provision and protections contained in the insurance policy it issued to the City of Shreveport and the conditions precedent controlling its indemnity obligations to the City of Shreveport as set forth therein.

3.

AAIC issued a policy of insurance in favor of the City of Shreveport bearing policy number N1-A2-RL-0000019-09, with effective dates of March 17, 2020 through April 1, 2021 ("Policy"). The Policy is a Retained Limit Policy with a self-insured retention for Law Enforcement under the General Liability Coverage Part of $1,000,000 per occurrence and an excess limit of insurance available per occurrence of $10,000,000. Under the terms of the Policy, AAIC's obligations to the City of Shreveport are not triggered until the City of Shreveport becomes obligated to pay the self-insured retention. Moreover, under the Policy, AAIC is only required to indemnity the City of Shreveport for amounts over the self-insured retention after such amounts are paid by judgment, settlement, or other court order. AAIC owes no obligation to third parties under the Policy, such as Plaintiffs herein.

4.

In addition to the general terms of the Policy limiting when, how, and to whom AAIC owes any obligation, the following exclusions and/or limitations in the Policy also apply:

i. Coverage under the Policy is excluded for: "Any liability arising out of any criminal, fraudulent, dishonest acts, or bad faith of an Insured or arising from the deliberate violation

      of any federal, state, or local statute, ordinance, rule, or regulation committed by or with the knowledge of an Insured."

ii. Coverage for punitive or exemplary damages is limited by the Sublimit Endorsement, which notes that the general exclusion for such damages is modified such that coverage is extended only for the first $1,000,000 of such damages, which sublimit is not to be construed as a separate limit of insurance.

5.

Plaintiffs have failed to state a valid cause of action AAIC under the Louisiana Direct Action Statute.

WHEREFORE, AAIC prays that this Answer be deemed good and sufficient, and that after due proceedings are held, there be a judgment in its favor, dismissing Plaintiffs' claims, at Plaintiffs' costs, and for any other relief allowed by law or equity.

Respectfully submitted,

**LUNN IRION LAW FIRM, LLC**

BY:    /s/ Alexander J. Mijalis_____
           Alexander J. Mijalis, Bar Roll No. 31262 (T.A.)
           Harold R. Bicknell III, Bar Roll No. 36801
           P.O. Box 1534
           Shreveport, LA 71165-1534
           Telephone: (318) 222-0665
           Facsimile: (318) 220-3265
           E-mail: ajm@lunnirion.com
                   hrb@lunnirion.com

ATTORNEYS FOR AMERICAN ALTERNATIVE
INSURANCE CORPORATION

**CERTIFICATE OF SERVICE**

I certify that on July 7, 2021, a copy of the foregoing was filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Alexander J. Mijalis_____