UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **TAMERA JONES ET AL** | **CIVIL ACTION NO. 21-690** |
| **VERSUS** | **JUDGE EDWARDS** |
| **AMERICAN ALTERNATIVE INSURANCE CORP ET AL** | **MAG. JUDGE HORNSBY** |

### MEMORANDUM ORDER

Pending before the Court is a Motion for Partial Judgment on the Pleadings (R. Doc. 69) filed by the defendants, the City of Shreveport (the "City"), former Police Chief Ben Raymond ("Former Police Chief Raymond"), Officer Treona McCarter ("Officer McCarter"), Officer Brian Ross ("Officer Ross"), Officer D'Marea Johnson ("Officer Johnson"), Officer James LeClare ("Officer LeClare"), retired Fire Chief Scott Wolverton ("Retired Fire Chief Wolverton"), Fire Captain Billy Glass ("Fire Captain Glass"), Fire Engineer Joshua Yelvington ("Fire Engineer Yelvington"), and Firefighter Clint Richardson ("Firefighter Richardson") (collectively, "Defendants"). The plaintiffs, Tamera Jones, Avery Jones, and Tommie Dale McGlothen, III, (collectively "Plaintiffs"), oppose (R. Doc. 73), and Defendants replied (R. Doc. 76).

After careful consideration of the parties' memoranda and the applicable law, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.   BACKGROUND

The Court has recited the detailed factual background of this case twice now, so we needn't again. *See* R. Doc. 47; R. Doc. 62. In short, Plaintiffs bring this suit as the survivors of Tommie McGlothen, Jr. ("McGlothen") who died while in custody of

1

Defendants. R. Doc. 62 at 1-2. Broadly, Defendants are first-responders for the City of Shreveport and their supervisors. R. Doc. 62 at 1-5. The first-responders relevant to this Motion all worked for the Shreveport Fire Department and are Fire Captain Glass, Fire Engineer Yelvington, and Firefighter Richardson (sometimes collectively, the "Firefighter Defendants"). R. Doc. 69-1 at 7. These firefighters attended the scene following an encounter between McGlothen and police officers. R. Doc. 62 at 3-4. The supervisors relevant to this Motion are Former Police Chief Raymond and Retired Fire Chief Wolverton. R. Doc. 69-1 at 7. At the time of the incident, Former Police Chief Raymond was the Chief of Police for the Shreveport Police Department and Retired Fire Chief Wolverton was the Fire Chief of the Shreveport Fire Department. R. Doc. 56 at 4-6.

The operative Complaint here is Plaintiffs' third, and following our second Memorandum Ruling, asserts no live federal constitutional claims against Fire Captain Glass, Fire Engineer Yelvington, and Firefighter Richardson; nor any federal constitutional claims on the basis of supervisory liability against Former Police Chief Raymond and Retired Fire Chief Wolverton. *See* R. Doc. 62; R. Doc. 56. While a number of claims persist against the police officers who interacted with McGlothen, they are not currently before the Court. *See id.*; R. Doc. 69-1 at 7. Instead, Defendants' instant Motion asks us two limited questions, (1) whether our dismissal of the federal constitutional claims against Fire Captain Glass, Fire Engineer Yelvington, and Firefighter Richardson begets our dismissal of the state law negligence claims made against them, and (2) whether our dismissal of federal supervisory liability claims against Former Police Chief Raymond and Retired Fire

Chief Wolverton begets our dismissal of state law negligence claims made against them (in their supervisory capacities). R. Doc. 69-1 at 7, 17-19. We address each issue in turn.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)) (internal quotation marks omitted). According to the Fifth Circuit, the standard for deciding a Rule 12(c) motion for judgment on the pleadings "is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Great Plains*, 313 F.3d at 313 n.8). In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018). Additionally, on a Rule 12(b)(6) motion to dismiss, the Court is generally prohibited from considering information outside the pleadings but "may consider documents outside the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims." *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 F. App'x. 336, 340 (5th Cir. 2011).

The Court can also "take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court." *In re American Intern. Refinery*, 402 B.R. 728, 749 (Bankr. W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.*, 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004)). The Fifth Circuit has instructed that when reviewing a Rule 12(c) motion, pleadings should be "construed liberally." *Great Plains*, 313 F.3d at 312 (citation and internal quotation marks omitted).

### III.  ANALYSIS

To preface, this is the Court's *third* time applying the 12(b)(6) standard to the pleadings of this case. *See ante* at 3; R. Doc. 62 at 6; R. Doc. 47 at 4. We cannot fault Defendants for their second 12(b)(6) motion, of course, because the Court allowed Plaintiffs to amend their Complaint. *See* R. Doc. 58; R. Doc. 56. Yet now, and most unusually, we find ourselves applying this standard for the *second* time to Plaintiffs' Third Amended Complaint. *See* R. Doc. 62; R. Doc. 56. However reflexively improper this may be, Defendants compellingly articulate that we are empowered to consider what is functionally an encore of their second 12(b)(6) motion, albeit with more limited and specific arguments. *See* R. Doc. 69-1 at 7, n.1 (citing cases). So, we do!

#### A. The Firefighters

Defendants argue that the "state law negligence/wrongful death claim" against the Firefighter Defendants, Former Police Chief Raymond, and Retired Fire Chief Wolverton, should be dismissed "for the same reasons enunciated by the Court for dismissal of Plaintiffs' analogous federal claims." R. Doc. 69-1 at 7. We address the Firefighter Defendants first.

Louisiana's standard for qualified immunity is identical to the federal standard. *See Escort v. Miles*, 2018 WL 3580656, at *8 (W.D. La. July 25, 2018). But qualified immunity as to federal constitutional claims does not necessarily mean immunity for state law tort claims. Indeed, "[n]egligence is a distinct claim, and, while it does entail analysis of objective reasonableness, it cannot be said to mirror federal constitutional law." *Kelly v. Stassi*, 587 F. Supp. 3d 409, 427 (M.D. La. 2022) (internal quotation omitted), *appeal dismissed*, No. 22-30101, 2022 WL 18923152 (5th Cir. Apr. 14, 2022).

Furthermore, the statutory immunities cited by the Firefighter Defendants are inapplicable to this case. First, La. R.S. 9:2798.1 provides immunity to state officers making policy decisions, like the Governor wielding executive power during a hurricane. *See* R. Doc. 69-1 at 12 (citing *Armstead v. Nagin*, 2006 WL 3861769 at *14 (E.D. La. Dec. 29, 2006). That said, 9:2798.1 is inapplicable to firefighters tending to a medical emergency, which is an "operational task" not a "policy decision." *Saine v. City of Scott*, 2002-265 (La. App. 3 Cir. 6/12/02), 819 So. 2d 496, 500-501. The other two immunity statutes cited by Defendants, La. R.S. 29:771 and La. R.S. 29:735, render a similar fate, as it is not apparent from the pleadings that the Firefighter Defendants were engaged in "homeland security and emergency preparedness and recovery activities" during their interaction with McGlothen. *See* La. R.S. 29:771; La. R.S. 29:735. The facts of the case cited by Defendants, *Noyel v. City of St. Gabriel*, have a clear logical nexus to "emergency preparedness" wherein officers were preventing fuel theft from critical infrastructure with a hurricane incoming. R. Doc. 69-1 at 13 (citing 202 So.3d 1139 (La. App. 1 Cir. 2016)). Without some support for

5

the proposition that COVID-19's mere existence made firefighters broadly immune from suit, we decline to so hold.

### B. The Supervisors

The second issue is whether dismissal is warranted of the "state law negligence/wrongful death claim" against Former Police Chief Raymond and Retired Fire Chief Wolverton stemming from each's allegedly negligent supervision of their respective subordinates. R. Doc. 69-1 at 7, 17-19. In our most recent Ruling, we held that Plaintiffs failed to plausibly state a causal relationship between the actions of Former Police Chief Raymond and Retired Fire Chief Wolverton and the actions of their subordinates in the context of federal supervisory liability. R. Doc. 62 at 23-24. So, we dismissed those claims. *Id.* The same logic applies to the state law negligence claims made against them, too.[1] Negligence claims—like federal supervisory liability claims—require causation as an essential element. *See Roberts v. Benoit*, 605 So. 2d 1032, 1051-52 (La. 1991), *on reh'g* (May 28, 1992) (explaining the causation element where a negligence claim was asserted against the sheriff for the acts of one of his deputies); *see also Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (explaining that causation is necessary under any theory of federal supervisory liability). Because the Court has found Plaintiffs' allegations in their Third Amended Complaint against Former Police Chief Raymond and Retired Fire Chief Wolverton to be insufficient on this essential element, the state law negligence claims against them must be

---

[1] We realize that this statement may be a bit confusing in light of our above ruling regarding the Firefighter Defendants, however, whether qualified immunity applies to the federal claims against the Firefighter Defendants is a distinct inquiry from whether they were negligent under state law. *See ante* at 5. Both federal supervisory claims and state law negligence claims fail if they lack the causative element, which we find they do.

6

dismissed. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (affirming 12(b)(6) dismissal where pleadings failed to adequately allege causation).

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion is **GRANTED in part, and DENIED in part.** The state-law negligence claims against Former Police Chief Raymond and Retired Fire Chief Wolverton are hereby **DISMISSED WITH PREJUDICE.** However, the state-law negligence claims against Fire Captain Glass, Fire Engineer Yelvington, and Firefighter Richardson subsist.

**THUS DONE AND SIGNED** this 21st day of August, 2024.

                                                       _____
                                                       **JERRY EDWARDS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**